```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

**ROBERT L. FRIESE, JR.,**

    **Plaintiff,**

**v.**                                         **Civil Action No. 1:06-0099**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**

### MEMORANDUM OPINION

On January 25, 2007, this court entered a Judgment Order in this matter that adopted the Magistrate Judge's Proposed Findings and Recommendation, denied the plaintiff's motion for summary judgment, granted the defendant's motion for judgment on the pleadings, affirmed the final decision of the Commissioner, and dismissed this matter from the court's docket.  This Memorandum Opinion explains the reasons for the court's Judgment Order.

By Standing Order entered on July 21, 2004, and filed in this case on February 9, 2006, this matter was referred to United States Magistrate Judge R. Clarke VanDervort.  (Doc. No. 4.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge VanDervort to submit proposed findings and recommendation concerning the disposition of this matter.  On January 8, 2007, Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation.  (Doc. No. 17.)  The

plaintiff filed his objections on January 16, 2007. (Doc. No.

18.)  The court has conducted a de novo review of the case.

### A.  Plaintiff's Objections

In his objections, the plaintiff asserts that the final decision of the Commissioner was not supported by substantial evidence.  (<u>See</u> Doc. No. 18 at 1.)  Specifically, the plaintiff notes that:

(1) the administrative law judge ("ALJ") incorrectly concluded that the plaintiff amended his alleged onset date to December 31, 2003;

(2) the ALJ erred in not finding that the plaintiff suffers from severe mental impairments;

(3) the ALJ did not give proper weight to the plaintiff's chiropractor; and

(4) the ALJ erred by not considering the opinion of Dr. Bhullar, an examining physician.

(<u>See</u> <u>id.</u> at 1-10.)  This court will discuss each of the plaintiff's objections.

### B.  Analysis

#### 1.  Standard of Review

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that the plaintiff failed to meet the conditions for entitlement established by and pursuant to the Social Security Act.  If such substantial evidence exists, the final decision of the Commissioner must be affirmed.  <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990).  Stated briefly,

substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind.  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).

### 2.  Legal Analysis

**A.  The ALJ's Conclusion that the Plaintiff Amended his Alleged Onset Date.**

In his objections, the plaintiff contends that the ALJ incorrectly found that he amended his alleged onset date to December 31, 2003.  (<u>See</u> Doc. No. 18 at 1.)  The plaintiff contends his alleged onset date was June 1, 1997, and the ALJ improperly dismissed relevant evidence that pre-dated the December 31, 2003 alleged onset date.  (<u>Id.</u>)  The plaintiff argues that the magistrate judge erred and by finding that the ALJ's mistake constituted only harmless error.  (<u>Id.</u> at 2.)

In his proposed findings and recommendation, the magistrate judge determined that the ALJ incorrectly stated that the plaintiff amended his alleged onset date to December 31, 2003.  (<u>See</u> Doc. No. 17 at 10.)  However, the magistrate judge found that this constituted only harmless error as the record clearly indicated that the ALJ considered all evidence, including evidence that pre-dated December 31, 2003.

Having reviewed the record and applicable case law, the court accepts the magistrate judge's finding.  First, even if the ALJ erred when he stated that the plaintiff amended his alleged onset date to December 31, 2003, the record reflects that the ALJ

-3-

considered all documents, even those predating December 31, 2003, when reaching his disability determination. In reaching his conclusion, the ALJ considered medical records dated January 20, 2003 (the earliest record submitted to the ALJ), April 21, 2003, May 15, 2003, July 12, 2003, November 12, 2003, as well as records post-dating December 31, 2003. (See Doc. No. 10 at 22-23.) Therefore, there is no evidence that the ALJ dismissed relevant evidence as pre-dating the incorrect onset date. Accordingly, the plaintiff's first objection is OVERRULED.

> **B. The ALJ's Findings About the Plaintiff's Mental Impairments.**

The plaintiff's second objection is that the magistrate judge erred by accepting the ALJ's determination that the plaintiff does not suffer from severe mental impairments. (See Doc. No. 18 at 2.) The magistrate judge concluded that the ALJ's determination was in conformity with the applicable law and regulations and was supported by substantial evidence.

An ALJ must follow certain "special techniques" when evaluating a claimant's mental impairments. 20 C.F.R. § 404.1520a. First, an ALJ must evaluate a claimant's "pertinent symptoms, signs, and laboratory findings," and determine whether the claimant has a "medically determinable mental impairment."[1]

---

[1] The ALJ did not find on the record that the plaintiff had a medically determinable mental impairment, as is required by the regulations. See 20 C.F.R. § 404.1520a(b). The magistrate judge found this to be harmless error, however, since the ALJ proceeded to perform a ratings analysis of the degree of the plaintiff's

See id. at § 404.1520a(b).  If the ALJ determines that a claimant has a medically determinable mental impairment, then the ALJ must rate the degree of the claimant's functional limitations in four broad areas: "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation."  See id. at § 404.1520a(c)(3).  Finally, the ALJ must determine the severity of the claimant's mental impairment.  See id. at § 404.1520a(d).  If the ALJ rates the claimant's functional limitations "in the first three functional areas as 'none' or 'mild' and 'none' in the fourth area," the ALJ will "generally conclude that the [claimant's] mental impairment(s) is not severe."  See id. at § 404.1520a(d)(1).

Dr. M. Khalid Hasan performed a psychiatric evaluation of the plaintiff in June 2003.  (Doc. No. 10 at 222-24.)  Dr. Hasan diagnosed the plaintiff with major depression, adjustment disorder, chronic pain syndrome, and a GAF score of 50.[2]  (Id. 223-24.)  Dr. Hasan prescribed the plaintiff Limbitrol along with

---

functional limitation, which is only required when the ALJ determines that a claimant has a medically determinable mental impairment.  See id. at § 404.1520a(c).  We agree with the magistrate judge and find that this constituted only harmless error.

[2] The Global Assessment of Functioning Scale (GAF) is a system used by clinicians to indicate their overall judgment of psychological, social and occupational functioning.  A GAF score between 41 and 50 indicates serious symptoms (i.e. suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational or school functioning (i.e. no friends, unable to keep a job).  American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000).

Paxil CR.  (Id. at 224.)  Dr. Hasan saw the plaintiff again on July 8, 2003, found that he "continues to do fair," and continued him on Limbitrol and Paxil.  (Id. at 221.)  On October 29, 2003, Dr. Hasan saw the plaintiff, and wrote that "the anxiety and depression are under much better control."  (Id. at 220.)  Dr. Hasan saw the plaintiff again on November 26, 2003, and wrote in his notes "that since his last visit, he has done fairly well.  Anxiety and depression are under better control."  (Id.)  Dr. Hasan continued the plaintiff on his medications, stating that "[t]his combination of medications is really helping."  (Id.)

After examining the plaintiff's medical records, the ALJ performed a ratings analysis of the plaintiff's functional limitations.  The ALJ determined that the plaintiff's "depressive and anxiety disorders result in mild functional limitations impacting activities of daily living; social functioning; and concentration, persistence, and pace and have produced no repeated episodes of decompensation, each of extended duration."  (Id. at 24.)  The ALJ concluded that

> [i]n view of this evidence of a good response to conservative treatment in a short period of time and no persuasive findings of significant functional limitations from a psychiatric standpoint, it is concluded that the claimant's depression and anxiety have no more than minimal effect on his ability to function, i.e. they are 'not severe' and do not warrant further evaluation.

(Id.)

The plaintiff argues that because Dr. Hasan diagnosed him with major depression and anxiety disorders, and because there is no contradicting medical evidence stating that the plaintiff *does*

-6-

*not* suffer from a severe mental impairment, the ALJ impermissibly substituted his own opinion for that of a qualified medical expert, Dr. Hasan.  (Doc. No. 18 at 6.)  This court rejects the plaintiff's argument.

While it is true that "[i]n the absence of any psychiatric or psychological evidence to support his position, the ALJ simply does not possess the competency to substitute his views on the severity of plaintiff's psychiatric problems for that of a trained professional[,]" see Grimmett v. Heckler, 607 F. Supp. 502, 503 (S.D. W. Va. 1985), that is not what occurred here.  The ALJ did not disregard Dr. Hasan's evaluation or question its validity.  Rather, after carefully examining Dr.Hasan's medical notes and following the special techniques outlined in the regulations, the ALJ concluded that the plaintiff was positively responding to treatment and that his mental impairments were not severe and resulted in only mild functional limitations.  There is substantial evidence in the record to support the ALJ's determination, and as such, this court OVERRULES the plaintiff's second objection.

    **C.   The Weight Given to the Plaintiff's Chiropractor.**

The plaintiff's third objection is that the magistrate judge erred by accepting the ALJ's decision to give less weight to the opinions of the plaintiff's chiropractor.  (See Doc. No. 18 at 8).  Dr. Rawnsley, a chiropractor, treated the plaintiff from January 21, 2003 through June 24, 2004.  (Doc. No. 10 at 233-39.) The ALJ considered Dr. Rawnsley's opinion regarding the

plaintiff's medical condition, but ultimately rejected it in favor of the opinion of Dr. Stevens, a medical expert. (Doc. No. 10 at 26.) The plaintiff argues, "Dr. Rawnsley's opinions were based on an extensive treatment history and objective medical testing. As such, they were entitled to some weight." (Doc. No. 12 at 20.)

An ALJ is required to consider all evidence from "acceptable medical sources." 20 C.F.R. § 404.1513(a). Chiropractors are not considered "acceptable medical sources," but are considered "other sources." See id. at § 404.1513(d). ALJ's *may* consider evidence from "other sources" to determine the severity of an impairment, see id., but they are not required to give the

evidence any weight. See Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

The ALJ in this case considered Dr. Rawnsley's opinions, but noted that they differed from those of Dr. Stevens, a medical expert. (Doc. No. 10 at 26.) The ALJ also noted that Dr. Rawnsley's opinions seemed to exceed the scope of his expertise at times. (Id.) The ALJ thus assigned greater weight to Dr. Stevens's medical opinions, which is within the ALJ's authority under the law and the regulations. There is substantial evidence supporting the ALJ's decision to assign less weight to a non-acceptable medical source's opinion, and this court OVERRULES the plaintiff's third objection.

-8-

**D.   The Consideration Given to Dr. Bhullar's Opinion**

The plaintiff's final objection is that the ALJ did not consider Dr. Bhullar's opinion when determining that the plaintiff was not disabled. (Doc. No. 18 at 10.) The plaintiff contends that the magistrate judge erred by finding that the ALJ's failure to consider Dr. Bhullar's opinion constituted only harmless error. (Id.)

An ALJ must consider every medical opinion, regardless of its source. 20 C.F.R. § 404.1527(d). In addition, an ALJ must consider various factors when determining what weight to give a medical opinion. Id. Among the factors considered are length of treatment, frequency of examination, nature and extent of the treatment relationship, consistency of the opinion with the record as a whole, and specialization of the treating physician. See id. at § 404.1527(d)(1)-(6). An ALJ generally gives more weight to a treating physician's opinion than to a report prepared after an individual examination because a treating physician "is most able to provide a detailed, longitudinal picture of [a claimant's] medical impairments." See id. at § 404.1527(d)(2).

Dr. Bhullar examined the plaintiff only one time and prepared a general physical form for the Department of Health and Human Resources. (Doc. No. 10 at 151.) Dr. Bhullar's general physical form was included in the record in Exhibit 2 along with

several other medical records (Id. at 145-46), and it was by itself in Exhibit 3 (Id. at 151-52).  The ALJ referred to Exhibit 2 in his decision, but did not reference Exhibit 3.  (See id. at 19.)  The magistrate judge found that it was unclear whether the ALJ considered Dr. Bhullar's opinion.  (Doc. No. 17 at 18.)  Although Dr. Bhullar's opinion was relevant, the magistrate judge found that it was not material to the ALJ's disability determination.  (Id.)

This court agrees with the magistrate judge.  Although it is unclear whether the ALJ considered Dr. Bhullar's opinion, his opinion is not material to the ALJ's disability determination.  Dr. Bhullar examined the plaintiff only once and prepared a two-page general physical form.  (Doc. No. 10 at 151-52.)  On the form, Dr. Bhullar opined that the plaintiff was unable to work due to his back pain and should avoid any physical work until treated.  (Id.)  Dr. Bhullar's opinion is the only medical source opinion concluding that the plaintiff was unable to work,[3] and it was contradicted by the opinions of Dr. Stevens, a medical expert, and two other physicians (Doc. No. 10 at 165-72, 211-18).  Further, Dr. Bhullar's conclusion that the plaintiff was unable to work is a determination reserved for the Commissioner.  See 20 C.F.R. § 404.1527(e)(1) ("A statement by a medical source that

---

[3] The plaintiff's chiropractor, Dr. Rawnsley, also opined that the plaintiff was unable to work, but his opinion was not an acceptable medical source.  See 20 C.F.R. § 404.1513(d).

you are "disabled" or "unable to work" does not mean that we will determine that you are disabled."). Therefore, given the substantial evidence supporting the ALJ's determination that the plaintiff is not disabled, this court finds that the ALJ's failure to consider Dr. Bhullar's opinion is harmless error. Accordingly, the plaintiff's fourth objection is OVERRULED.

### C. Conclusion

In affirming the final decision of the Commissioner, the court does not suggest that the plaintiff is totally free of all pain and subjective discomfort. However, the objective medical record simply fails to document the existence of any condition or combination of conditions which would reasonably be expected to result in total disability for all forms of substantial gainful employment. It appears the ALJ properly considered all of the objective and subjective evidence in adjudicating the plaintiff's claim for benefits. It follows that all facets of the Commissioner's decision in this case are supported by substantial evidence. The defendant's motion for judgment on the pleadings must be granted.

It is SO ORDERED this 25th day of January, 2007.

                                                Enter:

                                      David A. Faber
                                      Chief Judge